FILED
John E. Triplett, Acting Clerk
United States District Court

*By MGarcia at 9:40 am, Aug 04, 2020*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

KENNETH JAMES,

      Petitioner,

v.

TRACY JOHNS,

      Respondent.

CIVIL ACTION NO.: 5:19-cv-117

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Kenneth James ("James"), who is currently incarcerated at D. Ray James Correctional Facility in Folkston, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus.  Doc. 1.  Respondent filed a Motion to Dismiss, and James filed a Response.  Docs. 6, 10.  For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion and **DENY** James' Petition.  I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** James leave to appeal *in forma pauperis*.

### BACKGROUND

James was convicted in the District of Virgin Islands of conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846, and was sentenced to 78 months' imprisonment.  Doc. 1 at 1, 13; Doc. 6-1 at 2.  He has a projected release date of March 1, 2023, via good conduct time release.  Doc. 6 at 1.[1]  James seeks relief based on certain provisions of the First Step Act of 2018.  Doc. 1.

---

[1] James states he has a projected release date of April 15, 2023.  Doc. 1 at 13.  However, Respondent avers James' projected release date is March 1, 2023, and this projection is based on the

**DISCUSSION**

In his Petition, James asserts his crime of conviction does not prohibit him from earning time credit against his sentence based on his participation in programs and "productive activities" under the First Step Act of 2018.  Id. at 6.  James also asserts he is not prohibited from earning these credits based on a final order of removal, as he only has a detainer lodged against him.  Id. at 7.  James asks this Court to order the Bureau of Prisons ("BOP") to credit him with time he earned beginning on December 21, 2018, the date the First Step Act was signed into law, due to his participation in evidence-based recidivism reduction programs and productive activities, such as having a prison job.  Id. at 8, 10, 19.

Respondent contends James' claim is premature and not cognizable under § 2241.  Doc. 6 at 2.  Respondent additionally contends this Court lacks jurisdiction to review James' claims.  Id.

**I.  James' Claim is Premature**

Respondent contends the BOP has not yet determined which programs and activities under 18 U.S.C. § 3632(d)(4) will qualify as "evidence-based recidivism reduction programs or productive activities[,]" allowing credit toward the sentences of those prisoners who successfully complete these activities and programs.  Doc. 6 at 1–2.  Respondent asserts the BOP is not obligated to offer any programs until two years after the BOP completes a risk and needs assessment for each prisoner.  Id. (quoting 18 U.S.C. § 3621(h)(2)(A)).  Respondent avers this assessment deadline was January 15, 2020, which makes the deadline for the BOP to provide these programs and, thus, allowing prisoners potentially to obtain credit, January 15, 2022.  Id.  In addition, Respondent asserts the language in 18 U.S.C. § 3621(h)(4) allows the BOP to consider expanding the programs and activities already at a prison and offering incentives to

---

awarding of all credits James is due.  Doc. 6 at 1.  In his Response to the Motion to Dismiss, James avers his projected release date is March 3, 2023.  Doc. 10 at 1.

prisoners who complete these programs, such as time credit, but this language is permissive.  Id. at 4.  Respondent contends James seeks to bypass the completion of the prescribed process by asking the Court to order the BOP to award him time credits now and assumes the programs in which he has participated will qualify as requisite programs under 18 U.S.C. § 3635(3)(A).  Id. Thus, Respondent avers James' claim is premature and not yet ripe for review.  Id. at 4–5.

In response, James states the BOP's duty to expand programs and assign prisoners to these programs is not discretionary, deferred, or delayed.  Doc. 10 at 8.  James additionally states the BOP's assessment should be completed within the two-year time frame, allowing inmates to participate in these programs within that time frame.  Id. at 9.  Otherwise, James contends, waiting until these two years have elapsed before starting the phasing in will exclude from the First Step Act's benefits all inmates who release dates are before January 15. 2022.[2]  Id. at 9–10.

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'"  Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014).  This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations." Id.  There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement."  Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted).  "The [ripeness] doctrine seeks to avoid entangling courts in the hazards of premature adjudication." Shorter v. Warden, 803 F. App'x 332, 335 (11th Cir. 2020) (internal citation omitted) (alteration in original).

On December 21, 2018, the First Step Act was signed into law.  Among other things, the First Step Act provides that, "[n]ot later than 210 days after the date of enactment of this

---

[2] As stated above, James' projected release date is in March 2023.

3

subchapter, the Attorney General, in consultation with the Independent Review Committee authorized by the First Step Act of 2018, was to develop and release publicly on the Department of Justice website a risk and needs assessment system." 18 U.S.C. § 3632.  The Attorney General met that deadline by publicly releasing a risk and needs assessment system on July 19, 2019.  See First Step Act of 2018 Risk & Needs Assessment System (called the Prisoner Assessment Tool Targeting Estimated Risk and Needs or the "PATTERN").  Additionally, pursuant to the First Step Act, the BOP had 180 days after the Attorney General completed and released the system to implement and complete the initial needs assessment for each prisoner.  See Bowling v. Hudgins, Civil No. 5:19CV285, 2020 WL 1918248, at *4 (N.D. W. Va. Mar. 16, 2020), *report and recommendation adopted*, 2020 WL 1917490 (N.D. Va. Apr. 20, 2020) (finding petition to be premature because the BOP had "180 days, or until January 15, 2020 to implement the system, complete inmate assessments, and then begin to assign prisoners to appropriate evidence-based recidivism reduction programs").  Thus, the deadline was January 15, 2020.

Additionally and as relevant here, the First Step Act gives the BOP two years after it completes the risk and needs assessment for each prisoner to "phase in" the program implementation.  18 U.S.C. § 3261(h); Allen v. Hendrix, 2:19-CV-00107, 2019 WL 8017868, at *2–3 (E.D. Ark. Dec. 13, 2019), *report and recommendation adopted*, 2020 WL 890396 (E.D. Ark. Feb. 24, 2020) (finding petition premature because the BOP had "until January 15, 2020, to implement the system, complete inmate risk assessments, and then begin to assign prisoners to appropriate evidence-based recidivism reduction programs").  This two-year phase-in date has not expired and will not expire until January 15, 2022.  Doc. 6 at 2.

4

Because the First Step Act does not require actual implementation for each inmate until January 2022, James is not entitled to an order from this Court compelling the BOP to recalculate his time credits. His petition is premature, and his claim is not yet ripe. Allen, 2019 WL 8017868 at *3. Further, there is nothing before the Court indicating the programs and activities in which James asserts he has participated will entitle him to his sought after credits. 18 U.S.C. § 3632(d)(4)(B); 18 U.S.C. § 3635(3).[3] Therefore, to provide James with "the relief he requests would result in an 'unwarranted federal court inter[]eference with the administration of prisons.'" Herring v. Joseph, No. 4:20CV249, 2020 WL 3671375, at *3–4 (N.D. Fla. June 22, 2020) (quoting Woodford v. Ngo, 548 U.S. 81, 93 (2006)), *report and recommendation adopted in part, rejected in part on other grounds*, 2020 WL 3642706 (N.D. Fla. July 6, 2020). Once the changes have been fully implemented, it will be for the BOP first to determine whether to award James time credit, not this Court. United States v. Chandler, 1:15-cr-10084, 2020 WL 806370, at *1 (W.D. Tenn. Feb. 18, 2020).

For these reasons, the Court should **GRANT** Respondent's Motion to Dismiss and **DENY** James' Petition. It is unnecessary to address the remaining grounds Respondent advances. See Shorter, 803 F. App'x at 335.

## II.  Leave to Appeal *in Forma Pauperis*

The Court should also deny James leave to appeal *in forma pauperis*. Though James has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

---

[3]  Under § 3635(3), a prison job *may* be included in the definition of "evidence-based recidivism reduction program." However, this language is permissive, and the BOP has not made this decision yet, nor is it required to do so until January 2022.

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of James's filings and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** James *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion and **DENY** James' Petition. I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** James leave to appeal *in forma pauperis*.

The Court directs any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn,

474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.

**SO REPORTED and RECOMMENDED**, this 4th day of August, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA